# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN FRAZIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-700-R ) |
| DAVID STANLEY DODGE, LLC, | ) ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Combined Motion to Dismiss His Federal Claims and Motion to Remand to State Court (Doc. No. 11). Defendant responded in opposition to the motion and Plaintiff filed a Reply in support thereof. (Doc. Nos. 11 and 16).

Defendant properly removed this action which pled claims arising under state and federal law.[1] Rule 41(a)(2) provides, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(1) is inapplicable, and thus this action may be dismissed only by Court order under terms set by the Court. Plaintiff does not seek dismissal of this action, rather, he seeks dismissal of certain claims. As noted by the Court in *Gobbo Farms & Orchards v. Poole Chemical Co., Inc.,* 81 F.3d 122 (10th Cir. 1996), Rule 41 "speaks to dismissal of an action, not just a claim within an action." *Id.* at 123.

---

[1] Any contention by Plaintiff that dismissal of his federal claims would mandate remand is clearly frivolous. At the time of removal, when jurisdiction is assessed, the operative pleading, Mr. Frazier's petition, contained claims for relief premised on federal statutes. Thus, removal was proper and dismissal of his federal claims would not deprive the Court of jurisdiction.

> In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir.1988). As we noted in Ethridge, "a plaintiff may not use Rule 41(a)(1)(I) to dismiss, unilaterally, a single claim from a multi-claim complaint." Id. at 1392. Instead, we agreed with two of our sister circuits that "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" Id .(quoting 5 J. Moore et al., Moore's Federal Practice ¶ 41.06-1, at 41-83 to -84 (1987)) (alteration in original)....

*Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687-88 (9th Cir.2005). Courts have construed motions for voluntary dismissal under Rule 41 as motions to amend pursuant to Rule 15, allowing Plaintiff to dismiss the claims he no longer wishes to pursue. Given the early stage of this litigation, the Court hereby grants Plaintiff leave to amend his complaint. The Court DENIES Plaintiff's Combined Motion to Dismiss and Motion to Remand. The amended petition shall be filed not later than September 21, 2017.

**IT IS SO ORDERED** this 11th day of September 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE